UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<span>NITED</span> S<span>TATES</span>,

    Plaintiff,

v.

A<span>SWANTH</span> N<span>UNE</span>,

    Defendant.

Case No. 19-mc-51643

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span>
J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

_____/

## OPINION AND ORDER MOOTING IN PART AND DENYING IN PART DEFENDANT'S PRO SE MOTION FOR RETURN OF PERSONAL PROPERTY [#1]

### I. I<span>NTRODUCTION</span>

Presently before the Court is Aswanth Nune's ("Defendant") *pro se* Motion for Return of Personal Property, filed on November 7, 2019. ECF No. 1. Defendant asks the Court to order the Government to return his personal property to him, which was not subjected to forfeiture, at the time of his removal from the United States, or alternatively to order the Government to send his property to the United States Consulate in Hyderabad, India. *Id.* at PageID.3. The Government filed a Response on November 8, 2019. ECF No. 2. Defendant did not file a Reply. For the reasons that follow, the Court will MOOT in part and DENY in part Defendant's Motion [#1].

1

## II. FACTUAL BACKGROUND

The instant action stems from a federal law enforcement operation, where undercover agents from Homeland Security Investigations ("HSI") posed as owners and employees of the University of Farmington ("University"), which was located in Farmington Hills, Michigan. 19-cr-20025, ECF No. 1, PageID.7.[1] Beginning in 2015, the undercover operation designed to identify recruiters and entities engaged in immigration fraud. *Id.* The University did not employ any instructors, create a curriculum, nor conduct any classes or educational activities. *Id.* at PageID.8. Rather, the University was being used by foreign citizens as a "pay to stay" scheme. *Id.*

Defendant is a citizen of India who first traveled to the United States on a temporary student visa known as a F-1 visa. ECF No. 27, PageID.116. On June 7, 2017, Defendant contacted the University to discuss his possible enrollment. *Id.* at PageID.117. Defendant eventually participated in the "pay to stay" scheme so that he could remain and work in the United States illegally. *Id.* at PageID.115. Further, Defendant assisted at least eighteen other foreign citizens to illegally remain, re-enter, and work in the United States. *Id.* at PageID.119. In return for his recruitment efforts, he received more than $25,000 in profits. ECF No. 27, PageID.115.

---

[1] Citations in this section refer to docket entries from Defendant's original criminal matter: *United States v. Nune*, 2:19-cr-20025.

Defendant pled guilty to conspiring to commit visa fraud (18 U.S.C. § 1546(a)) and harboring aliens for profit (8 U.S.C. § 1324) in violation of 18 U.S.C. § 371.  On September 3, 2019, this Court sentenced Defendant to imprisonment for a total term of twelve months and one day.  ECF No. 32, PageID.149.

In his present Motion, Defendant requests the Court's assistance in obtaining his property that was not subjected to forfeiture.  19-mc-51643, ECF No. 1, PageID.3.[2]  He lists items that were allegedly taken by the Government when he was arrested at Detroit Metro Airport and items that were left in Midland County Jail.  *Id.* at PageID.2.  Defendant is set to be released on December 7, 2019.

The Government responded to Defendant's Motion on November 8, 2019.  *See* ECF No. 2.  In its Response, the Government explains that arrangements had "already been made with [Defendant's] criminal attorney, Mr. Michael Rataj to return [Defendant's] property[.]"  *Id.* at PageID.6.  The Government asserts that if the United States Department of Homeland Security (DHS) agents did not provide the property to Mr. Rataj, it would ensure Defendant received his property prior to his release and removal from the United States.  *Id.* at PageID.7.  With regards to the property listed at Midland County Jail, the Government explains that Defendant must complete the jail's required "Inmate Property Release" form.  The Government

---

[2] Citations for the remainder of this Opinion and Order refer to docket entries from Defendant's civil matter: *United States v. Nune*, 2:19-mc-51643.

attached the incomplete form to its Response. *See* ECF No. 2-1, PageID.10. The Government maintains that it does not oppose Defendant's Motion for return of personal property. ECF No. 2, PageID.7.

On December 3, 2019, the Government confirmed with Mr. Rataj—and advised the Court—that Defendant received his personal property from DHS.

### III. LAW & ANALYSIS

A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant is subject to the same rules of procedure and evidence as litigants who are represented by counsel. *See Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975).

Under Federal Rule of Criminal Procedure 41(g):

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). A motion under Rule 41(g) is treated as a civil equitable action when criminal proceedings have concluded. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000). Generally, seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have

4

terminated. *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010) (quoting *United States v. Hess*, 982 F.2d 181, 186 (6th Cir. 1992)). The burden is on the moving party to show that he or she is entitled to lawful possession of the property. *See Savoy*, 604 F.3d at 932–33. The movant must demonstrate that he or she is entitled to the property by the preponderance of the evidence. *United States v. Vanover*, 2016 WL 7669501, at *3 (E.D. Tenn. Nov. 18, 2016).

Federal courts lack subject-matter jurisdiction if there is no evidence that a federal agent or agency ever had real or constructive possession of the property. *United States v. Oguajo*, 107 F. App'x 541, 543 (6th Cir. 2004); *United States v. Obi*, 100 F. App'x 498, 499 (6th Cir. 2004); *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) (holding that "[b]ecause the United States was not in possession of the vehicle at the time [the petitioner] filed his motion, and, indeed, had never been in possession of the vehicle, it is not the appropriate party from which to request its return).

In the instant matter, Defendant requests the Court's assistance in obtaining his possessions which are in the custody of both the Government and the Midland County Jail in Midland, Michigan. ECF No. 1, PageID.3. As for the items that were previously in the custody of DHS, the Government explains that arrangements were previously made with Defendant's attorney Mr. Rataj to return the property before Defendant filed his Motion on November 7, 2019. ECF No. 2, PageID.6. The

Government advised the Court on December 3, 2019 that these items have since been returned to Defendant. Accordingly, this issue of Defendant's Motion is moot.

As for the items that remain in the custody of the Midland County Jail, the Court finds that the facts do not reveal that the Government is in constructive possession of Defendant's remaining property. The Government is therefore not the appropriate party from which to request its return. Accordingly, the Court cannot assist Defendant in obtaining his remaining items from the Midland County Jail.

In its Response, the Government asserts that it does not oppose Defendant's Motion for return of personal property. *Id.* at PageID.7. It attached the required "Inmate Property Release" form which Defendant must complete in order to receive his remaining possessions. *See* ECF No. 2-1, PageID.10. Defendant previously submitted this form; however, he failed to identify the name, address, and contact information of the recipient. *See id.*; ECF No. 2, PagID.7.

### V. CONCLUSION

For the reasons articulated above, Defendant's *pro se* Motion for Return of Personal Property [#1], as it relates to the items previously in custody of DHS, is MOOT. Further, the Court will DENY the remainder of Defendant's Motion [#1] as it relates to the items in Midland County Jail. The Court advises Defendant to

complete the "Inmate Property Release" form (ECF No. 2-1, PageID.10), as suggested by the Government, in order to obtain these remaining items.

IT IS SO ORDERED.

Dated:   December 4, 2019

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge